PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE SURPLUS LINES INSURANCE COMPANY, | ) )  CASE NO. 1:19CV0050 |
| Plaintiff, | ) ) |
| v. | ) )  JUDGE BENITA Y. PEARSON ) |
| KEYSTONE AUTO SALES, *et al.*, | ) )  **MEMORANDUM OF OPINION** )  **AND ORDER** |
| Defendants. | ) )  [Resolving ECF No. 26] |

Pending is Plaintiff Scottsdale Surplus Line Insurance Company's ("Scottsdale") Motion for Summary Judgment (ECF No. 26), filed on June 11, 2019. On July 16, 2019, the Yoder Family[1] filed a Notice (ECF No. 29) that they do not intend to submit a memorandum in opposition to the motion. The Court conducted a Telephonic Case Management Conference on August 5, 2019, at which time the Court ordered that Defendants Keystone Auto Sales ("Keystone Auto") and Keystone Transportation, LLC ("Keystone Transportation") (collectively "Keystone") file a memorandum in opposition to the motion on or before August 9, 2019. *See* Minutes dated August 5, 2019. To date, Keystone has not submitted a memorandum in

---

[1] Defendants Daniel Yoder, Susie Yoder, Leroy Yoder, Lorene Yoder, Clara Yoder, I.Y., a minor by and through his parent and guardian Daniel Yoder, L.Y., a minor by and through her parent and guardian Daniel Yoder, A.Y., a minor by and through his parent Daniel Yoder, and Mary Schlabach.

(1:19CV0050)

opposition. Therefore, the motion is unopposed.[2] The Court has been advised, having reviewed the record, the motion, and the applicable law. For the reasons set forth below, the motion is granted.

**I.**

On January 8, 2019, Scottsdale filed this liability insurance coverage action for declaratory relief in this Court. *See* Complaint (ECF No. 1). On March 22, 2019, the Yoder Family filed an Answer and Counterclaim (ECF No. 12). The Yoder Family are plaintiffs in an underlying personal injury action pending in the Marion County, Ohio Court of Common Pleas. *Yoder v. Lydick*, No. 2018 CV 0639.[3] Scottsdale is currently defending Keystone and Defendant Becky Porter[4] in connection with the underlying action under a reservation or rights to disclaim coverage. Declaration of Dennis Clair (ECF No. 27-2) at PageID #: 316, ¶ 7; Letter dated December 13, 2018 (ECF No. 27-2) at PageID #: 320-24.

Keystone Auto regularly provided transportation services for a fee to members of the Amish Community. Examination Under Oath of Regis Skiffington (ECF No. 27-1) at PageID #: 260. On March 11, 2018, members of the Yoder Family were injured while occupying a 2005 Chevy Express passenger van driven by Ms. Porter, which was under the control of Keystone,

---

[2] It is the law of the Sixth Circuit that Fed. R. Civ. P. 56 requires a court, even where a motion for summary judgment is unopposed, to determine that the moving party has established a right to relief as a matter of law and that no genuine issue of material fact exists before the court can award summary judgment. *Donlin v. Watkins*, 814 F.2d 273, 277 (6th Cir. 1987); *Kendall v. Hoover Co.*, 751 F.2d 171, 173-74 (6th Cir. 1984).

[3] On August 5, 2019, the Court was informed by Brandi L. Staley, one of the attorneys for the Yoder Family, that the underlying lawsuit was settling.

[4] On April 3, 2019, default was entered in favor of Scottsdale against Ms. Porter. *See* Entry of Default (ECF No. 14).

(1:19CV0050)

when it collided with a vehicle driven by Dan Lydick on U.S. Route 23 in Marion County. The Chevrolet Express van was consigned to Keystone Auto, a car lot engaged in the business of selling automobiles. ECF No. 27-1 at PageID #: 251, 279. Keystone Auto was providing transportation services to the Yoder Family for a fee at the time of the collision. ECF No. 27-1 at PageID #: 261, 288.

**II.**

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also* *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of genuine dispute. An opposing party may not simply rely on its pleadings. Rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980

3

(1:19CV0050)

F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

The United States Supreme Court, in deciding *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. *Id.* at 248. The existence of some mere factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" only if its resolution will affect the outcome of the lawsuit. In determining whether a factual issue is "genuine," the court must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id.* Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id.*

### III.

Scottsdale issued to Regis Skiffington DBA: Keystone Auto Sales a garage insurance policy, No. CGH0000156, for the May 3, 2017 to May 3, 2018 policy period ("Policy"). ECF No. 1-1; ECF No. 27-2 at PageID #: 316, ¶ 5.

4

(1:19CV0050)

Scottsdale moves the Court to declare that it has no duty to defend or indemnify Keystone and/or Ms. Porter in connection with the underlying personal injury action. It argues that coverage is precluded by (1) the Livery Exclusion under the Covered Autos Liability Coverage Part and (2) the Auto Exclusion under the General Liability Coverages in the Policy. The Court concludes these exclusions in the Policy entirely preclude coverage, which in turn, bar any duty to defend or indemnify Plaintiff could even arguably have to Keystone and/or Ms. Porter.

Scottsdale also moves the Court to find the Yoder Family's Counterclaim (ECF No. 12) has no merit because the application of the two exclusions prelude the Yoder Family's entitlement to benefits under the Policy.

**A.**

The Livery Exclusion applies since it is undisputed that the Yoder Family was being charged a fee for the ride. The Public Or Livery Passenger Conveyance And On-demand Delivery Services Exclusion (CA 23 45 11 16), which modifies the Covered Autos Liability Coverage subpart, states there is no coverage available for injury involving a covered auto while the auto is being used as a livery conveyance for passengers. It provides in pertinent part:

> **A.** **Changes In Covered Autos Liability Coverage**
>
> The following exclusion is added:
>
> **Public Or Livery Passenger Conveyance And On-demand Delivery Services**
>
> This insurance does not apply to any covered "auto" while being used:
>
> **1.** As a public or livery conveyance for passengers. . . .
>
> \* \* \*

(1:19CV0050)

ECF No. 1-1 at PageID #: 86. There is no material difference between a limousine service or charter bus -- classic livery vehicles -- and the service offered by Keystone Auto.

In *Niemeyer v. Western Reserve Mutual Casualty Co.*, No. 12-09-03, 2010 WL 1531371 (Ohio App. 3rd Dist. April 19, 2010), the injured defendants argued the "public or livery conveyance" exclusion was inapplicable because the chartered bus was not being held out to the public at the time of the accident since it was exclusively used by the university baseball team. *Id.* at *6. The Ohio Court of Appeals held that a chartered bus was being used as a "livery conveyance" at the time of the accident, such that the business exclusion provision of the personal umbrella liability policy excluded coverage. *Id.* at *7.

Plaintiff cites cases from other courts outside of Ohio that have reached similar conclusions with respect to livery exclusions. In *Morris v. Buttney*, 606 N.W.2d 626 (Wis. Ct. App. 1999), the appellate court found a "public or livery conveyance" exclusion applicable to the delivery of packages for one client because the services were still available to the general public, and affirmed summary judgment for the insurer. *Id.* at 631. Likewise, in *Hunt Leasing Corp. v. Universal Underwriters Ins. Co.*, 506 N.Y.S.2d 886, 887(N.Y. App. Div. 1986), the court held that an automobile liability insurer had no duty to defend or indemnify an insured in connection with an underlying tort action because the policy excluded from coverage vehicles which were "being used as public or livery conveyance," *i.e.*, a taxicab.

Mr. Skiffington never placed any limitation on the transportation services Keystone Auto provided. Therefore, as the services offered by Keystone Auto were similar to a charter bus or limousine company, the Livery Exclusion applies to the underlying lawsuit and bars any duty to defend or indemnify Keystone and/or Ms. Porter.

6

(1:19CV0050)

## B.

The Auto Exclusion under the General Liability Coverages also applies because the Yoder Family's claim necessarily results from the use and operation of the Chevrolet Express van by Keystone and Ms. Porter. This exclusion is found under the Bodily Injury And Property Damage Liability subpart, and states as follows:

> **g.  Aircraft, Auto Or Watercraft**
>
> > "Bodily injury" . . . arising out of the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . owned or operated by or rented or loaned to any "insured". Use includes operation. . . .
> >
> > This exclusion applies even if the claims against any "insured" allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that "insured", if the "accident" which caused the "bodily injury" . . . involved the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . that is owned or operated by or rented or loaned to any "insured".
>
> \* \* \*

ECF No. 1-1 at PageID #: 42.

The Court concludes the Auto Exclusion entirely precludes coverage under the Policy's General Liability subpart because the Chevrolet Express van was loaned to Keystone Auto and was being operated by or on behalf of Keystone Auto at the time of the collision. While this issue has not been explicitly addressed by the Sixth Circuit or state courts in Ohio, other courts have concluded that the "loaned" requirement in the Auto Exclusion is satisfied by the consignment of a vehicle to an insured. In *Scottsdale Insurance Co. v. Thornton*, 300 F. Supp.3d 1233 (E.D. Wash. 2018), Scottsdale filed a declaratory judgment action against its insured store owner, other insurers, and administrators of the estate of a two-year-old child who was killed

7

(1:19CV0050)

when the insured accidentally ran over the child with a U-Haul moving truck consigned to his store. Scottsdale sought a determination that it was not required to provide coverage in a state-court wrongful death action arising out of the child's death. The district court held that the automobile exclusion barred coverage, *id.* at 1240, and the parking exception to the automobile exclusion did not apply, *id.* at 1242-43.

The expansive reach of the Auto Exclusion can be seen in *Thrash v. Motorist Mutual Insurance Co.*, No. 19504, 2003 WL 1795579 (Ohio App. 2d Dist. April 4, 2003). In *Thrash*, the state court of appeals concluded an auto exclusion applied even though the insured's trailer was parked alongside a road at the time of the collision. Merely being parked on the side of the road was sufficient for the court to find the insured was "exercising dominion and control over the trailer," which triggered the exclusion. *Id.* at *2. Similarly, entrusting the Chevrolet Express van to Ms. Porter for the purpose of providing transportation services on Keystone Auto's behalf and for which Keystone would be paid, satisfies the operation requirement of the Auto Exclusion. Thus, the Auto Exclusion in the Policy necessarily bars any duty to defend or indemnify Keystone and/or Ms. Porter under the General Liability Coverages subpart of the Policy because the Chevrolet Express van was consigned to Keystone Auto at the time of the collision. ECF No. 27-1 at PageID #: 251, 279.

**IV.**

Plaintiff's Motion for Summary Judgment (ECF No. 26) is granted upon the grounds that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law. Final judgment will be entered in favor of Plaintiff and against Defendants on the

(1:19CV0050)

Complaint (ECF No. 1).  Final judgment will also be entered in favor of Plaintiff and against the Yoder Family on the Counterclaim (ECF No. 12).

    IT IS SO ORDERED.

    August 16, 2019                               /s/ Benita Y. Pearson
Date                                              Benita Y. Pearson
                                                     United States District Judge